UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MONDRIC F. BRADLEY, #46406                                                   PETITIONER

V.                                          CIVIL ACTION NO. 3:16-CV-522-DPJ-FKB

MARSHALL FISHER                                                   RESPONDENT

ORDER

This matter is before the Court on Petitioner Mondric F. Bradley's Response [13], filed February 5, 2018, and Memorandum in Support [14], filed March 7, 2018. Liberally construed, the Response asks the Court to reconsider its January 22, 2018 Order [12]. And because Bradley filed this motion within 28 days of that Order, it will be decided under Federal Rule of Civil Procedure 59(e). *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (noting that motions for reconsideration filed within 28 days of court's order are considered motions to alter or amend under Rule 59(e)); *see also Hernandez v. Thaler*, 630 F.3d 420, 427 n.27 (5th Cir. 2011) (noting that Court must consider the "substance of the relief . . . not the label" to determine the "true nature" of the pleading).

After consideration of the record in this case and relevant legal authority, the Court finds that Bradley's Motion [13] for relief pursuant to Federal Rule of Civil Procedure 59(e) should be denied.

I.      Background

Bradley filed his petition for habeas relief pursuant to 28 U.S.C. § 2254 on June 28, 2016. Pet. [1] at 1. On July 22, 2016, the Court transferred the case to the Fifth Circuit as a successive § 2254 habeas application pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). Order [6]. On

September 29, 2016, the Fifth Circuit denied Bradley authorization to proceed with his successive petition in this Court. *In re Bradley*, No. 16-60509 (5th Cir. Sept. 29, 2016). Bradley then filed a Motion to Clarify [10] on December 18, 2017. Pet'r's Mot. [10]. The Court entered an Order [12] on January 22, 2018, denying that Motion [10]. Order [12]. That Order [12] stated that "[b]ecause the instant civil action is closed as a result of the transfer [6], this Court is without jurisdictional bases to consider the merits of Petitioner's instant Motion [10]." *Id*. The present motion asserts that the Fifth Circuit incorrectly ruled on Bradley's successive petition and asks this Court to consider the merits of his habeas petition. Pet'r's Resp. [13] at 1–3.

II.     Discussion

A Rule 59(e) motion filed in a § 2254 case may be considered a second or successive motion for habeas relief if it asserts or reasserts a substantive claim to set aside a petitioner's state conviction. *Williams v. Thaler*, 602 F.3d 291, 303–04 (5th Cir. 2010) (finding that a Rule 59(e) motion may be construed as a second or successive § 2254) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005)). But the Court may consider Bradley's challenge under Rule 59(e) if he is "merely assert[ing] that a previous ruling which precluded a merits determination was in error." *Id.* at 305 (citing *Gonzalez*, 545 U.S. at 532 n.4).

To the extent Bradley is requesting that the Court grant him relief from the Order [12] that denied his Motion to Clarify [10], the Court will consider Bradley's request as a Motion for Relief pursuant to Rule 59(e). The Court may relieve a party from an order under Rule 59(e) if the party shows "either a manifest error of law or fact or . . . newly discovered evidence." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (internal quotation marks and

citations omitted). The motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* Here, Bradley presents no allegations that satisfy the requirements for obtaining relief under Rule 59(e). Therefore, his request that the Court grant him relief from the Order [12] is denied.

To the extent Bradley is reasserting substantive claims to set aside his conviction and sentence, the Court finds his Rule 59(e) motion to be nothing more than an attempt to proceed with a successive habeas petition without the required authorization from the Fifth Circuit. *See Williams*, 602 F.3d at 305. As the Court previously explained, *see* Order [12], Bradley may not proceed with this successive habeas petition in this Court without authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Bradley does not present any documentation to demonstrate that the Fifth Circuit has granted him such authorization.

Finally, if Bradley is asking this Court to grant him relief from the Fifth Circuit's decision, this Court lacks authority to review decisions from the Fifth Circuit. Bradley's request therefore is denied.

IT IS, THEREFORE, ORDERED that Petitioner's Response [13] is construed as a Motion for Relief pursuant to Federal Rule of Civil Procedure 59(e).

IT IS FURTHER ORDERED that Petitioner's Motion [13] for Relief pursuant to Federal Rules of Civil Procedure 59(e) is denied.

Finally, IT IS ORDERED that a Certificate of Appealability will not issue in the denial of Petitioner's Motion for Relief pursuant to Federal Rule of Civil Procedure 59(e).[1]

---

[1] A Certificate of Appealability "is required to appeal the denial of a Rule 59(e) motion in a habeas case." *Mitchell v. Davis*, 669 F. App'x 284 (5th Cir. 2016) (citing *Ochoa Canales v. Quaterman*, 507 F.3d 884, 887–88 (5th Cir. 2007)).

**SO ORDERED AND ADJUDGED** this the 19th day of March, 2018.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE