IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MONDRIC F. BRADLEY, #46406                                           PETITIONER

V.                                        CIVIL ACTION NO. 3:16-CV-522-DPJ-FKB

MARSHALL FISHER                                                 RESPONDENT

ORDER

This matter is before the Court on Petitioner Mondric F. Bradley's pleading docketed as "Response in Opposition 'Objection'" [33] to the Court's Order [32] entered on October 11, 2018. Bradley requests in the relief portion of his Response [33] that the Court reconsider its Order [32] entered on October 11, 2018, pursuant to "Rule 59(B)." Pet'r's Resp. [33] at 3. Because Bradley filed this Response within 28 days of that Order, it will be decided under Federal Rule of Civil Procedure 59(e). *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (noting that motions for reconsideration filed within 28 days of the court's order are considered motions to alter or amend under Rule 59(e)); *see also Hernandez v. Thaler*, 630 F.3d 420, 427 n.27 (5th Cir. 2011) (noting that Court must consider the "substance of the relief . . . not the label" to determine the "true nature" of the pleading).

After consideration of the record in this case and relevant legal authority, the Court finds that Bradley's Motion [33] for relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure should be denied.

I.  Background

Bradley filed this Petition for habeas relief pursuant to 28 U.S.C. § 2254 on June 28, 2016.  Pet. [1] at 1.   On July 22, 2016, this case was transferred to the Fifth Circuit Court of Appeals as a successive § 2254 habeas application pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997).  Order [6].  The Fifth Circuit on September 29, 2016, denied Bradley authorization to proceed with his successive petition in this Court.  *In re Bradley*, No. 16-60509 (5th Cir. Sept. 29, 2016).  Bradley then filed a Motion to Clarify [10] on December 18, 2017.  Pet'r's Mot. [10].  The Court entered an Order [12] on January 22, 2018, denying Bradley's Motion [10].  Order [12].  That Order [12] stated that "[b]ecause the instant civil action is closed as a result of the transfer [6], this Court is without jurisdictional bases to consider the merits of Bradley's instant Motion [10]."  *Id*.  Bradley filed a Response [13] on February 5, 2018, and a Memorandum in Support [14] on March 7, 2018.  The Court entered an Order [15] on March 19, 2018, denying Bradley's request for reconsideration of the Order [12] entered January 22, 2018.  Order [15] at 1-4.  Bradley filed a Notice of Appeal [20] on April 23, 2018, appealing the Court's Order [15] entered March 19, 2018.  The Fifth Circuit on May 30, 2018, dismissed Bradley's appeal for failure to pay the filing fee.  *Bradley v. Hall*, No. 18-60303 (5th Cir. May 30, 2018).  Bradley then filed a Motion for the Recall in and Vacation of the Mandate Reinstating Appeal [30] on September 12, 2018, and Clarification [31] on October 5, 2018.  On October 11, 2018, the Court denied Bradley's Motion [30] and Clarification [31] stating that "this Court does not have jurisdiction to review a decision by the Fifth Circuit."  Order [32] at 1.

II.  Discussion

A Rule 59(e) motion filed in a § 2254 case may be considered a second or successive motion for habeas relief if it asserts or reasserts a substantive claim to set aside a state conviction. *Williams v. Thaler*, 602 F.3d 291, 303-304 (5th Cir. 2010) (finding that a Rule 59(e) motion may be construed as a second or successive § 2254) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005)). But to the extent Bradley is "merely assert[ing] that a previous ruling which precluded a merits determination was in error," the Court may consider his challenge under Rule 59(e). *Id.* at 305 (citing *Gonzalez*, 545 U.S. at 532 n.4).

The Court will consider Bradley's Response [33] as a Motion for Relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because it does not assert or reassert a substantive claim to set aside his state conviction. Rule 59(e) provides that the Court may relieve a party from an Order if the party "clearly establish[es] either a manifest error of law or fact or . . . present[s] newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted). Bradley does not present any allegations to satisfy the requirements for obtaining relief under Rule 59(e). Therefore, Bradley's request that the Court grant him relief from the Order [32] is denied.

IT IS, THEREFORE, ORDERED that Bradley's Response [33] is construed as a Motion for Relief pursuant to Federal Rules of Civil Procedure 59(e).

IT IS FURTHER ORDERED that Bradley's Motion [33] for Relief pursuant to Federal Rules of Civil Procedure 59(e) is denied.

AND IT IS FINALLY ORDERED that a Certificate of Appealability will not issue in the denial of Bradley's Motion for Relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE